**In re GRAND JURY SUBPOENA DUCES TECUM.**

No. 95–1853.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1995.

Decided Nov. 24, 1995.

Joseph F. Gross, Jr. (argued), Omaha, Nebraska.

Michael P. Norris, Assistant U.S. Attorney (argued), Omaha, Nebraska.

Before BEAM, HEANEY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Brian R. Watkins appeals the order of civil contempt issued by the district court[1] upon his refusal to produce records under a grand jury subpoena duces tecum. We affirm.

Watkins, a lawyer, and another lawyer with whom he shared an office filed motions to quash the subpoena duces tecum, which commanded them to "provide any and all records in your custody or control relating to any income, from whatever sources derived including the practice of law during [certain tax years]." The district court denied the respective motions to quash. After a hearing, the district court issued the civil contempt order now under review.

Watkins contends that the subpoena duces tecum in the present case violates his Fifth Amendment privilege against compelled testimonial self-incrimination. He asserts that federal tax laws,[2] enforceable under a statute

---

1. The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

2. 26 U.S.C. § 6001; Treas.Reg. § 1.6001–1 (as amended 1990).

**522**

that authorizes criminal sanctions,[3] "compel" him to maintain records relating to business income and expenses. Watkins argues that the government cannot compel him to maintain these financial records and, at the same time, compel the production of those records.[4] We disagree.

The district court correctly rejected Watkins's argument that he was compelled to maintain the financial records. *See Fisher v. United States*, 425 U.S. 391, 409–10, 96 S.Ct. 1569, 1580–81, 48 L.Ed.2d 39 (1976) (stating that voluntarily created documents do not contain compelled testimonial evidence). Watkins would have kept these financial records even without the threat of criminal sanctions. An accountant formerly employed by the Internal Revenue Service, who testified on behalf of Watkins, conceded on cross-examination that the records covered by the subpoena were nothing more than general books and records that any business would normally maintain. Therefore, Watkins failed to demonstrate that the subpoena included records he would not have maintained absent the threat of criminal sanctions.[5]

Moreover, Watkins's interpretation of the Fifth Amendment privilege would render such record-keeping statutes meaningless. We do not adopt such an expansive reading of the Fifth Amendment.

We hold, therefore, that the district court committed no error in issuing a civil contempt order based on Watkins's refusal to provide the subpoenaed records. Accordingly, we affirm the district court's order.

---

**3.** 26 U.S.C. § 7203.

**4.** Watkins does not argue, however, that the act of production violates his Fifth Amendment privilege.

**5.** Because we affirm the district court on this basis, we need not consider its alternative holding.